# IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MISSOURI
## SOUTHWESTERN DIVISION

| | | |
|---|---|---|
| KAREN CAMPBELL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 3:23-cv-05049-RK |
| | ) | |
| MODERN MOD, INC.; MODERN MOD | ) | |
| DESIGN, LLC; OMEGA MOD GROUP, | ) | |
| INC., | ) | |

Defendants.

## <u>ORDER</u>

Before the Court is Plaintiff Karen Campbell's motion for default judgment on her employment discrimination case against Defendants Modern Mod, Inc.; Modern Mod Design, LLC; and Omega Mod Group, Inc. (Doc. 9.) After careful consideration and for the reasons explained below, the Court **ORDERS** as follows:

(1) Plaintiff's motion for default judgment is **DENIED** as to Plaintiff's age discrimination claims in Count One as to both liability and damages and Count One is **DISMISSED** without prejudice.

(2) Plaintiff's motion for default judgment is **GRANTED** as to liability on her claims in Counts Two, Three, Four, and Five.

(3) Plaintiff's motion for default judgment is **GRANTED** as to damages as follows:

    a. Plaintiff's lost wages from her termination to the date of her affidavit supporting the motion for default judgment, in the amount of $20,443.11;

    b. The value of benefits Plaintiff conferred to Defendants as alleged in her Count Three unjust enrichment claim, in the amount of $1,103.27; and

    c. Plaintiff's final paycheck and an additional 60 days of continuing wages as sought in Count Four, in the amount of $6,576.93.

(4) Plaintiff is **ORDERED** to file a supplemental motion for default judgment as to damages, including the following:

    a. Plaintiff's reasonable attorney fees and costs;

    b. Nominal and punitive damages sought in Count Five; and

      c.   Any other relief sought in Plaintiff's Complaint not expressly granted or denied in this Order.

## I.      Procedural Posture

Plaintiff filed this lawsuit against Defendants on July 27, 2023. (Doc. 1.) On October 20, 2023, Plaintiff filed returns of service indicating that each of the three defendants was served on October 16, 2023. (Docs. 4, 5, 6.) After no answers or other responsive pleadings had been filed within 21 days, Plaintiff moved for entry of default against Defendants on November 17, 2023. (Doc. 7.) A Clerk's entry of default was entered on November 27, 2023. (Doc. 8.) Plaintiff then filed the present motion.

## II.      Discussion

### A.      Plaintiff's Motion for Default Judgment

The Federal Rules of Civil Procedure prescribe a two-step procedure for obtaining a default judgment against a defendant who does not appear or respond after having been properly served with process. *See* Rule 55(a)-(b). First, when a party "has failed to plead or otherwise defend . . . the clerk must enter the party's default." Rule 55(a); *Johnson v. Dayton Elec. Mfg. Co.*, 140 F.3d 781, 783 (8th Cir. 1998) (entry of default by the clerk must precede grant of default judgment under Rule 55(b)). Second, Rule 55(b) authorizes the clerk of court to enter a default judgment. If the judgment sought is not for a sum certain, a "party must apply to the court for default judgment." Rule 55(b)(2). Rule 55(b) provides that the court may conduct hearings if necessary to conduct an accounting, determine the amount of damages, establish the truth of any allegation by evidence, or investigate any other matter.

As noted above, the Clerk previously entered default against each Defendant. Here, Plaintiff does not seek a "sum certain," and she must therefore apply to the Court for default judgment. (*See* Doc. 1 at 2-4 (seeking actual damages, costs and attorney fees, the value of benefits conferred by Plaintiff to Defendants, an additional 60 days of continuing wages, and nominal and punitive damages)); *AGCO Fin., LLC v. Littrell*, 320 F.R.D. 45, 48 (D. Minn. 2017) (recognizing a "sum certain" for purposes of default judgment means "there is no doubt as to the amount to which a plaintiff is entitled as a result of the defendant's default") (citations omitted); *Assist Fin. Servs., Inc. v. Freight One Transp., Inc.*, No. 4:20-CV-4015-LLP, 2020 WL 4673317, at *2-3 (D.S.D. Aug. 12, 2020) (claim for "reasonable attorney's fees" is not a sum certain and therefore plaintiff had to apply to the court for default judgment).

2

"A default judgment entered by the court binds the party facing the default as having admitted all of the well-pleaded allegations in the plaintiff's complaint." *Angelo Iafrate Constr., LLC v. Potashnick Constr., Inc.*, 370 F.3d 715, 722 (8th Cir. 2004) (citations omitted).

> Upon default, the factual allegations of a complaint (except those relating to the amount of damages) are taken as true, but it remains for the court to consider whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law.

*Murray v. Lene*, 595 F.3d 868, 871 (8th Cir. 2010) (citation and quotation marks omitted); *accord Marshall v. Baggett*, 616 F.3d 849, 852-53 (8th Cir. 2010) ("it is incumbent upon the district court to ensure that the unchallenged facts constitute a legitimate cause of action prior to entering final judgment") (citation and quotation marks omitted). To enter default judgment in favor of Plaintiff against Defendants in this case, then, the Court must be satisfied that, accepting as true all well-pleaded facts in Plaintiff's complaint, Plaintiff has asserted legitimate causes of action in each count as follows: age discrimination in violation of the Age Discrimination in Employment Act (ADEA) and the Missouri Human Rights Act (MHRA) (Count One); disability discrimination in violation of the Americans with Disabilities Act (ADA) and the MHRA (Count Two); unjust enrichment (Count Three); nonpayment of final paycheck in violation of § 290.110, RSMo. (Count Four); and violation of the Missouri Service Letter Law (§ 290.140, RSMo.) (Count Five) against Defendants.

### 1.    Factual Allegations in Plaintiff's Complaint

Defendants are owned and operated by the same person or persons and operate as a single entity for all intents and purposes; the Defendants acted jointly in relationship to Plaintiff. (Doc. 1 at ¶ 3.) Plaintiff was an employee of Defendants in Neosho, Missouri, beginning in September 2022. (*Id.* at ¶ 4.) Plaintiff had a disability or disabilities. (*Id.* at ¶ 5.) Defendants terminated Plaintiff on or about January 19, 2023. (*Id.* at ¶ 6.)

Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission (EEOC) on or about February 17, 2023, and received a Notice of Right to Sue from the EEOC on May 16, 2023. (*Id.* at ¶¶ 8-9.)

Plaintiff's age discrimination claim (Count One) alleges that Plaintiff was over the age of 40, that Defendants terminated her employment because of her age, and that, as a result, Plaintiff has been damaged. (*Id.* at ¶¶ 13-15.)

3

Plaintiff is 70% service-connected disabled due to military service. Plaintiff's disability discrimination claim (Count Two) alleges that Defendants regarded Plaintiff as having a disability. Defendants' operations officer, Serge Yazepov, told Plaintiff that Defendants could no longer employ her because of her disability. (*Id.* at ¶¶ 19-21.) Plaintiff alleges she was able to perform the essential functions of her employment despite her disability, but Defendants terminated her employment because of her disabilities, "in that Defendants wrongfully believed that Plaintiff was unable to perform her job duties due to her disabilities[,]" and that as a result Plaintiff has been damaged. (*Id* at ¶¶ 22-24.)

Plaintiff's unjust enrichment claim (Count Three) alleges that during Plaintiff's employment, Defendants required Plaintiff to make purchases of items for Defendants' benefit, for which she paid a total of $1,103.27. (*Id.* at ¶¶ 27-28.) Plaintiff alleges Defendants promised to reimburse her for those purchases (but has failed to do so) and it would be unjust for them to retain the benefits of those purchases. (*Id.* at ¶¶ 29-30.)

Plaintiff's nonpayment of final paycheck claim (Count Four) alleges Defendants did not pay Plaintiff her final paycheck on the date of her discharge or thereafter. (*Id.* at ¶ 35, 37.) Plaintiff alleges that on or about January 20, 2023, she sent a letter via certified mail to Defendants' agent, David Papen, demanding her final paycheck. (*Id.* at ¶ 36.)

Finally, Plaintiff's Missouri Service Letter Law claim (Count Five) alleges that after Plaintiff was terminated, Plaintiff sent a letter via certified mail to Defendants' agent, David Papen, demanding a service letter pursuant to § 290.140, RSMo., and that Defendants did not respond. (*Id.* at ¶¶ 41-42.)

### 2. Plaintiff's Claim for Age Discrimination – Count 1

First, Plaintiff seeks default judgment against Defendants as to her claim for age discrimination in violation of the ADEA and the MHRA. "The ADEA provides: 'It shall be unlawful for an employer . . . to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age.'" *Ramlet v. E.F. Johnson Co.*, 507 F.3d 1149, 1152 (8th Cir. 2007) (quoting 29 U.S.C. § 623(a)(1)). "MHRA age discrimination claims are analyzed under the same framework." *Id.* (citing *Chambers v. Metro. Prop. & Cas. Ins. Co.,* 351 F.3d 848, 855 (8th Cir. 2003)). A claim of age discrimination under the ADEA requires a plaintiff to "show [s]he was: (1) a member of the protected class, i.e., at least 40 years old; (2) qualified for his position;

4

(3) terminated; and (4) replaced by someone sufficiently younger to permit an inference of age discrimination." *Id.* "Where the plaintiff is not replaced by a specific younger individual, the plaintiff satisfies the fourth element by showing 'age was a factor in the employer's decision to terminate.'" *Martin v. Bon-Ton Stores, Inc.*, No. 418CV00052RGECFB, 2020 WL 11613606, at *4 (S.D. Iowa Sept. 30, 2020) (quoting *Yates v. Rexton, Inc.*, 267 F.3d 793, 799 (8th Cir. 2001)).

Here, Plaintiff does not allege that she was replaced by someone sufficiently younger to permit an inference of age discrimination. Nor does she allege any other facts that would support an inference that age was a factor in Defendants' decision to terminate her employment. Taking Plaintiff's well-pleaded factual allegations as true, the Court finds these unchallenged facts are insufficient to entitle Plaintiff to default judgment on her age discrimination claim. Plaintiff does not allege facts from which age discrimination can be inferred. Rather, she only makes a conclusion of law that she was terminated because of her age, and a party in default does not admit mere conclusions of law.

Plaintiff's motion for default judgment as to her age discrimination claims in Count One is **DENIED**.

### 3. Plaintiff's Claim for Disability Discrimination – Count 2

"To succeed on a disability discrimination claim under the ADA, a claimant must show that [s]he was a 'qualified individual' who suffered 'discrimination' that was based on a 'disability' as each of those terms is defined by the Act." *Joiner v. Allied Staffing*, No. 4:18-CV-0363-SRB, 2018 WL 4059462, at *2 (W.D. Mo. Aug. 24, 2018) (quoting *Morriss v. BNSF Ry. Co.*, 817 F.3d 1104, 1107 (8th Cir.), *cert. denied*, 137 S. Ct. 256 (2016)). "Disability" is defined in the ADA as "(A) a physical . . . impairment that substantially limits one or more major life activities . . .; (B) a record of such an impairment; or (C) being regarded as having such an impairment." 42 U.S.C. § 12102(1)(A)–(C). Similarly, a disability discrimination claim under the MHRA "requires the plaintiff to demonstrate: (1) she was disabled, (2) she was discharged, and (3) her disability was the motivating factor in her discharge." *Johnson v. Midwest Div. - RBH, LLC*, 88 F.4th 731, 737 (8th Cir. 2023) (quoting *Ashby v. Woodridge of Missouri, Inc.*, 673 S.W.3d 537, 544 (Mo. App. 2023)).

Here, Plaintiff alleges that Defendants regarded Plaintiff as having a disability, that "Plaintiff is 70% service-connected disabled due to military service," and that Defendants' operations officer, Serge Yazepov, told Plaintiff Defendants could no longer employ her because

of her disability. Plaintiff further alleges she was able to perform the essential functions of her employment despite her disability, but Defendants terminated her employment because of her disabilities, "in that Defendants wrongfully believed that Plaintiff was unable to perform her job duties due to her disabilities[,]" and that as a result Plaintiff has been damaged.

The Court is satisfied that, accepting as true these well-pleaded facts in Plaintiffs' complaint, Plaintiff has asserted legitimate causes of action for disability discrimination in violation of the ADA and the MHRA. As such, Plaintiff's motion for default judgment is **GRANTED** as to liability for her disability discrimination claims in Count Two.

### 4. Plaintiff's Claim for Unjust Enrichment – Count 3

To succeed on a claim of unjust enrichment, a plaintiff must show: "three elements, a benefit conferred by a plaintiff on a defendant; the defendant's appreciation of the fact of that benefit; and the acceptance and retention of the benefit by the defendant in circumstances that would render that retention inequitable." *Hennessey v. Gap, Inc.*, 86 F.4th 823, 830-31 (8th Cir. 2023) (internal quotation marks omitted). Here, Plaintiff alleges that during her employment, Defendants required her to make purchases of items for Defendants' benefit, for which she paid a total of $1,103.27, and Defendants promised to reimburse her for the purchases.

Accepting these allegations as true, Plaintiff asserted a legitimate unjust enrichment cause of action. Plaintiff's motion for default judgment is therefore **GRANTED** as to her unjust enrichment claim in Count Three.

### 5. Plaintiff's Nonpayment of Final Paycheck Claim – Count 4

Plaintiff brings her Count Four nonpayment of final paycheck claim pursuant to § 290.110, RSMo. This section provides, in relevant part:

> Whenever any . . . corporation doing business in this state shall discharge, with or without cause, or refuse to further employ any servant or employee thereof, the unpaid wages of the servant or employee then earned at the contract rate, without abatement or deduction, shall be and become due and payable on the day of the discharge or refusal to longer employ and the servant or employee may request in writing of his foreman or the keeper of his time to have the money due him, or a valid check therefor, sent to any station or office where a regular agent is kept; and if the money or a valid check therefor, does not reach the station or office within seven days from the date it is so requested, then as a penalty for such nonpayment the wages of the servant or employee shall continue from the date of the discharge or refusal to further employ, at the same rate until paid; provided, such wages shall not continue more than sixty days.

§ 290.110.  Here, Plaintiff alleges Defendants did not pay Plaintiff her final paycheck on the date of her discharge or thereafter.  Further, on or about January 20, 2023, she sent a letter via certified mail to Defendants' agent, David Papen, demanding her final paycheck. Plaintiff alleges that as a result of Defendants' refusal to pay her final paycheck, Plaintiff is entitled to an additional 60 days of wages.

The Court is satisfied that, accepting as true these well-pleaded facts in Plaintiffs' complaint, Plaintiff has asserted a legitimate cause of action under § 290.110.  As such, Plaintiff's motion for default judgment is **GRANTED** as to her nonpayment of final paycheck claim in Count Four.

### 6.	Plaintiff's Missouri Service Letter Law Claim – Count 5

Plaintiff's final claim is that Defendants violated the Missouri Service Letter Law, § 290.140, RSMo., in refusing to provide a service letter in response to her request for one.  Section 290.140 provides:

> 1. Whenever any employee of any corporation doing business in this state and which employs seven or more employees, who shall have been in the service of said corporation for a period of at least ninety days, shall be discharged . . . and who thereafter within a reasonable period of time, but not later than one year following the date the employee was discharged or voluntarily quit, requests in writing by certified mail to the superintendent, manager or registered agent of said corporation, with specific reference to the statute, it shall be the duty of the superintendent or manager of said corporation to issue to such employee, within forty-five days after the receipt of such request, a letter, duly signed by such superintendent or manager, setting forth the nature and character of service rendered by such employee to such corporation and the duration thereof, and truly stating for what cause, if any, such employee was discharged or voluntarily quit such service.
>
> 2. Any corporation which violates the provisions of subsection 1 of this section shall be liable for compensatory but not punitive damages but in the event that the evidence establishes that the employer did not issue the requested letter, said employer may be liable for nominal and punitive damages; but no award of punitive damages under this section shall be based upon the content of any such letter.

Here, Plaintiff alleged that after she was terminated, she sent a letter via certified mail to Defendants' agent, David Papen, demanding a service letter pursuant to § 290.140, RSMo., and that Defendants did not respond.  The Court finds that, accepting these allegations as true, Plaintiff asserted a legitimate cause of action under § 290.140, RSMo.  Plaintiff's motion for default judgment is therefore **GRANTED** as to liability for her Missouri Service Letter Law claim in Count Five.

7

### III. Conclusion

The Court **ORDERS** as follows:

(1) Plaintiff's motion for default judgment is **DENIED** as to Plaintiff's age discrimination claims in Count One as to both liability and damages and Count One is **DISMISSED** without prejudice.

(2) Plaintiff's motion for default judgment is **GRANTED** as to liability on her claims in Counts Two, Three, Four, and Five.

(3) Plaintiff's motion for default judgment is **GRANTED** as to damages as follows:

    a. Plaintiff's lost wages from her termination to the date of her affidavit supporting the motion for default judgment, in the amount of $20,443.11;

    b. The value of benefits Plaintiff conferred to Defendants as alleged in her Count Three unjust enrichment claim, in the amount of $1,103.27; and

    c. Plaintiff's final paycheck and an additional 60 days of continuing wages as sought in Count Four, in the amount of $6,576.93.

(4) Plaintiff is **ORDERED** to file a supplemental motion for default judgment as to damages, including the following:

    a. Plaintiff's reasonable attorney fees and costs;

    b. Nominal and punitive damages sought in Count Five; and

    c. Any other relief sought in Plaintiff's complaint not expressly granted or denied in this Order.

(5) Plaintiff's supplemental motion for default judgment shall be filed on or before May 1, 2024.

**IT IS SO ORDERED.**

s/ Roseann A. Ketchmark
ROSEANN A. KETCHMARK, JUDGE
UNITED STATES DISTRICT COURT

DATED: April 2, 2024